THE H. B. CLAFLIN COMPANY, PLAINTIFF IN ERROR, v. THE ELLIOT FURNITURE COMPANY, DEFENDANT IN ERROR.

THE SAME v. THE LEWIS-PORTER CABINET COMPANY.

THE SAME v. SAMUEL P. PORTER.

By written proposals a retail dealer invited the manufacturers of certain goods to make conditional sales to him by which the title was to remain in the vendors until the purchase price was paid; the goods, when shipped to the vendee, were invoiced as goods bought or goods sold, without the indication of any condition whatsoever. *Held,* that the submission to the jury of the question whether the sale was a conditional or an absolute one, was not one of which a creditor of the purchaser could legally complain.

On error to the Passaic Circuit.

For the plaintiff in error, *Franklin M. Olds.*

For the defendant in error, *Michael Dunn.*

The opinion of the court was delivered by

GARRISON, J.    These three writs of error turn upon a single and similar point, and may be disposed of together. The form of the suit was replevin, brought by the several defendants in error against the H. B. Claflin Company.  A brief summary of the facts will show the relative standing of the parties and present the issue.

In the year 1892 Frank E. Crane, a retail furniture dealer, executed to the H. B. Claflin Company a chattel mortgage upon his stock of furniture and such additions thereon as he might thereafter make.   In 1893 Crane, by written proposals through Samuel P. Porter, a selling agent, invited the defendants in error to make conditional sales to him of the chattels in question, by which the title was to remain in the vendors until the purchase price was paid.   Subsequently, the goods were shipped and invoiced to Crane as goods bought by him or sold to him.   After these articles came into Crane's possession they were seized by the H. B. Claflin Company, under color of their chattel mortgage, and were thereupon replevied by the respective vendors.

At the trial the question was whether title to the property had passed to Crane.   This question was left by the trial judge to the jury, under a charge in which the jury were instructed to give effect to the expressed intentions of the parties to the sale.   The legal propriety of this submission is questioned by the plaintiff in error upon the ground that the invoices that accompanied the goods were conclusive proof of an absolute sale.   We are not at all impressed with this contention.   In view of the written correspondence that constituted the negotiations of the parties to the sale, the subsequent invoices, if they were any evidence of the nature of the sale, were at best only some evidence.   The submission of the question to the jury was the course most favorable to the plaintiff in error and is not open to the legal objection urged on its behalf.

The plaintiff in error was a prior not a subsequent mortgagee, and hence could not be legally injured by a sale of the conditional nature established by this judgment.

No error appearing upon this record, the judgment of the Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, GUMMERE, LUDLOW, MAGIE, BOGERT, BROWN, KRUEGER, SMITH, TALMAN. 10.

*For reversal*—None.